

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-25-00045-CV

IN RE FELICIA LYNCH

Original Mandamus Proceeding

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

## MEMORANDUM OPINION

Relator Felicia Lynch has petitioned this Court for mandamus relief.[1] Lynch challenges the trial court's order designating her as a vexatious litigant, which was granted upon motion by Real Parties in Interest (RPI), Lacy Operations, Ltd., and R. Lacy Services, Ltd.[2] *See* TEX. GOV'T CODE ANN. § 22.221 (Supp.); *see also* TEX. R. APP. P. 52. Lynch argues that the RPI, as mere intervenors, lacked standing to file the motion or receive the granted relief. Lynch also argues that the evidence presented to the trial court did not support a vexatious litigant finding, specifically contending there were too few "qualifying lawsuits" as required under Section 11.054 of the Texas Civil Practice and Remedies Code.

"A party is entitled to mandamus relief when it demonstrates that the trial court clearly abused its discretion and the party lacks an adequate remedy by appeal." *In re Off. of Atty. Gen.*, 702 S.W.3d 360, 364 (Tex. 2024) (per curiam) (orig. proceeding). Lynch does not demonstrate that she lacks an adequate remedy by appeal. An order designating a person a vexatious litigant is an appealable order. TEX. CIV. PRAC. & REM. CODE ANN. § 11.101(c) ("A litigant may appeal from a prefiling order entered under Subsection (a) designating the person a vexatious litigant."); *In re Potts*, No. 14-12-00194-CV, 2012 WL 987857, at *1 (Tex. App.—Houston [14th Dist.] Mar. 22, 2012, orig. proceeding) (per curiam) (mem. op.).

---

[1]Lynch previously filed a mandamus petition in this Court. We denied her requested relief because she failed to include an adequate record. *In re Felicia Lynch*, No. 06-25-00029-CV, 2025 WL 1131395, at *2 (Tex. App.—Texarkana Apr. 17, 2025, orig. proceeding) (mem. op.).

[2]The underlying order also declared Tonja Lynch a vexations litigant. Tonja Lynch is not a party to this mandamus petition.

Since the petition solely requests mandamus relief, we dismiss the petition.


                                        Jeff Rambin
                                        Justice

Date Submitted:      May 5, 2025
Date Decided:        May 6, 2025